**Donald MATHIS, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 1279S353.**

Supreme Court of Indiana.

July 18, 1980.

Harriette Bailey Conn, Public Defender, James M. Garrettson, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Finn, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He had previously entered a guilty plea to commission of a felony while armed, to wit: robbery, and sodomy, and was sentenced to terms of eleven years and two to fourteen years, respectively. His petition now raises the following issues:

1. Whether the trial court erred in finding that petitioner had waived his right to assert the issue of the alleged failure of the trial court to advise him of his right to confront adverse witnesses before accepting his guilty plea; and

2. Whether the guilty plea was knowingly, intelligently and voluntarily entered.

The facts from the record show that petitioner was originally charged with kidnapping, sodomy and robbery and that he entered a plea of not guilty to those charges. The charges arose from an incident which involved the petitioner's picking up a seventeen year-old boy who was walking beside the road with his 10-speed bicycle which had a flat tire. Petitioner induced the boy to get into his car with offers to take him to get help. Then petitioner drove the boy around at random for a while, hit him with his fist to force him to commit sodomy, and finally let him out of the car with nothing on except his tennis shoes. Petitioner kept the bicycle, the boy's clothes and other belongings in his car.

Petitioner filed several pretrial motions, including a motion for speedy trial and discovery motions. About two months later, the state filed an amended information charging petitioner with commission of a felony while armed and sodomy. Petitioner agreed to plead guilty to these charges in exchange for the dropping of the kidnapping charge. He also agreed to the sentences recommended by the state.

At the guilty plea hearing, the court read the terms of the agreement to the petitioner and determined that he was voluntarily accepting those terms without any promises or threats being made to him. The court then established the factual basis of the crimes, advised the petitioner of his constitutional rights, and determined that petitioner was satisfied with his attorney before he accepted the guilty plea and sentenced petitioner accordingly.

At the post-conviction relief hearing, the petitioner claimed that his guilty plea was not voluntary because he had not been specifically advised of his rights to a speedy trial and to confront adverse witnesses. He also argued that the court did not have jurisdiction to impose two sentences. The trial court denied the petition and found that petitioner himself had waived the issue of whether or not he had been advised of his right to confront adverse witnesses since he had not raised this specific issue in his pro se petition. The court further found

that while it was true that there was no mention of a right to a "speedy" trial during the guilty plea hearing, there had been advisement of the right to a public trial and the petitioner, himself, had filed a pretrial motion for a speedy trial and had later withdrawn it. The court found that under these circumstances, the petitioner must be held to have been informed of his right to a speedy trial. The court finally found that there was no error in sentencing since there were two separate crimes involved and petitioner based all his arguments concerning sentencing upon cases involving lesser included offenses.

### I.

Petitioner first argues that the trial court erred in finding that he had waived the issue of the alleged failure of the trial court to advise him of his right to confront adverse witnesses. We will not deal further with the issue of waiver, since it is necessary for us to review the entire procedure surrounding the guilty plea hearing in order to consider petitioner's second allegation of error involving the voluntariness of his guilty plea.

### II.

Petitioner contends that his guilty plea was not voluntarily given because the trial court did not adequately advise him of two of his constitutional rights, the right to a speedy trial and the right to confront adverse witnesses. It is true that these are two of the specific constitutional rights of which a defendant must be informed before a trial court can accept his guilty plea. Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.), *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

However, this Court has consistently held that the "essence of *Boykin* is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently." *Laird v. State*, (1979) Ind., 385 N.E.2d 452, 454; *Neeley v. State*, (1978) Ind., 382 N.E.2d 714; *Williams v. State*, (1975) 263 Ind. 165, 174, 325 N.E.2d 827, 832. This means that the record must

provide a sufficient basis for the conclusion that defendant was meaningfully informed of the specific rights enumerated in *Boykin* and detailed in West's Ann.Ind.Code § 35–4.1–1–3 (1978). *Turman v. State,* (1979) Ind., 392 N.E.2d 483; *Laird v. State, supra.*

In .*Neeley v. State, supra,* this Court held that, while a strict following of West's Ann. Ind.Code § 35–4.1–1–3 (1978) would be the preferred practice, this Court will look to the entire record of the guilty plea proceedings to determine if a defendant was fully advised of and understood his constitutional rights. In applying the rule of *Neeley,* this Court has held that when the record shows that a plea agreement was entered into which adequately informed the defendant of his constitutional rights, reversal is not required merely because the trial judge inadvertently failed to orally inquire whether appellant understood his right to compulsory process. *Clark v. State,* (1978) Ind., 383 N.E.2d 321.

With these cases in mind, we now review the entire record in the instant case as it relates to petitioner's guilty plea. Petitioner originally plead not guilty to the charges filed in connection with the instant crimes. He then participated in various pretrial motions and hearings. He filed a motion for speedy trial and later withdrew it. He filed a motion for production of evidence including requests for all written and recorded statements made by the complaining witness and any other witnesses. He made motions for a preliminary hearing, a probable cause hearing, and a motion for discovery and production of evidence. He also filed a notice to take depositions of several witnesses including the complaining witness. The presentence investigation report, a part of the record of the guilty plea hearing, clearly shows when all these pretrial motions were filed and shows that a deposition of the complaining witness *was* taken by petitioner's counsel.

Petitioner finally withdrew his plea of not guilty and agreed to plead guilty to the charges of armed robbery and sodomy some months after the initial charges were filed. At the guilty plea hearing, petitioner was advised of his constitutional rights to a public trial by a jury of twelve of his peers, the right to subpoena witnesses to testify in his behalf, the right to remain silent, the right to appeal, the right to have pauper counsel, and the burden of the state to prove his guilt beyond a reasonable doubt. The record shows that the court carefully established the factual basis for the guilty plea, that the petitioner understood the charges against him and the effect of entering a guilty plea. The record further shows that petitioner was accompanied by his attorney, that he was satisfied with his attorney's help at that time, and that the guilty plea was being given voluntarily with no promises or threats having been made to him.

 It is true that the court did not use the precise language set out in the statute. However, the court did advise the petitioner that he was giving up his right to a public trial and his right to subpoena witnesses as well as other rights enumerated above. These facts, along with the record of petitioner's extensive involvement with pretrial motions for a speedy trial and depositions of witnesses, including the complaining witness, were adequate to show that petitioner had been meaningfully informed of his rights to a speedy trial and to confront the witnesses against him. We find that under these circumstances and on the basis of the entire record the guilty plea was freely and voluntarily given.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.