Larry D. BAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 983S343.

Supreme Court of Indiana.

May 4, 1984.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to attempted rape, a Class B felony, and was sentenced to a term of twenty years imprisonment. He filed a petition for post-conviction relief, which was denied. He now appeals that decision.

■ The sole issue raised by appellant is whether he knowingly, intelligently and voluntarily waived his constitutional rights upon entering his plea of guilty. He argues that the court accepting his guilty plea failed to advise him that he was waiving his right to a public and speedy trial and failed to advise him that upon accepting the plea, the court would proceed with judgment and sentence. IC §§ 35–4.1–1–3(b) and (c) [Burns 1979 Repl.] (Repealed 1982).

Strict compliance with the terms of IC § 35–4.1–1–3 is required. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317 (Givan, C.J. and Pivarnik, J., dissenting); *Early v. State*, (1982) Ind., 442 N.E.2d 1071 (Givan, C.J. and Pivarnik, J., dissenting). However, the exact language of the statute need not be used. *Lowe v. State*, (1983) Ind., 455 N.E.2d 1126; *Mathis v. State*, (1980) 273 Ind. 609, 406 N.E.2d 1182. The essence of this requirement "is that the record of the guilty plea hearing reveal defendant entered his guilty plea voluntarily and with an intelligent understanding of the rights forsaken by the plea." *Romine v. State*, (1982) Ind., 431 N.E.2d 780, 784.

■ The record reveals the following colloquy at the plea advisement hearing:

"Q. Do you understand that you are not required to enter a plea of guilty; that you may enter a plea of not guilty which you have already done. As a matter of fact, this case is set for jury trial August 24.

"A. Yes, Your Honor.

"Q. Do you understand that you are entitled to have this case heard before a jury of 12 people on that date and at that jury trial you are entitled to hear and see all the State's case and evidence against you? In addition you are entitled to confront each of their witnesses, cross examine [sic] each of those witnesses and to compel any witnesses of your own to appear on your behalf? Do you understand that?

"A. Yes, Your Honor.

"Q. Do you understand by entering a plea of guilty and by accepting that plea cancels out that August 24 trial?

"A. Yes."

And further:

"Q. Do you understand that when you enter a plea of guilty, you are giving up the right to force the State of Indiana to produce whatever evidence it has in open court and convince a jury of 12 people beyond a reasonable doubt that you are guilty of this offense. Do you understand that?

"A. Yes, Your Honor."

Given the above, we cannot agree with appellant's contention that he was not meaningfully advised of his right to a public trial. The distinction he attempts to draw between the words "open" and "public" is more semantic than substantive. We have previously found that a court's discussion about the jury trial, including discussion of the makeup of the jury and the types of witnesses and other people who would be present, was a sufficient advisement as to the right to a public trial. *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. Similarly, we found in *Lowe supra*, that the right to a public trial was adequately communicated to the petitioner through discussion of the makeup of the jury and rights he would have to meet his accusers. Here, appellant was advised as to his rights to have a jury trial and to confront and compel witnesses. The court's failure to use the word "public" was not crucial to appellant's understanding of his right to a public trial.

Neither do we find fundamental error in the court's failure to include the word "speedy" in its advisement. Appellant tendered his guilty plea on June 4, 1981. Upon tendering the plea, he was advised several times that his jury trial was scheduled to commence on August 24, 1981. The scheduled trial date was well within the parameters of what is deemed to be a speedy trial. *See* Ind.R.C.P. 4.

Previously we have held that where a petitioner has filed motions for speedy trial, and has been advised that his trial was to commence within a matter of days, it could be inferred that the petitioner had been meaningfully informed of his right to a speedy trial. *Garringer, supra; Mathis, supra.*

Appellant further argues that the court failed to advise him that upon entry of his guilty plea the court would proceed to enter judgment of conviction and sentence. Again, the post-conviction judge failed to employ the precise statutory language. However, he did inform appellant that the scheduled trial would be cancelled if appellant entered a plea of guilty. The judge further discussed the possible sentences available and the possible ramifications of any previous convictions. We do not find error in the Court's inadvertent failure to employ the precise statutory terms.

The post-conviction court is in all things affirmed.

All Justices concur.