James FRAZIER, Appellant (Petitioner below),

v.

STATE of Indiana, Appellee (Respondent below).

No. 1284S498.

Supreme Court of Indiana.

Dec. 9, 1986.

Susan K. Carpenter, Public Defender and Sheila K. Zwickey, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Frazier was charged with robbery, a class A felony. Pursuant to a plea agreement, he pleaded guilty to robbery, a class B felony, and was sentenced to twenty (20) years. His Petition for Post-Conviction Relief was denied. He now appeals that denial and raises as the sole issue, whether Appellant entered the plea knowingly and voluntarily.

Ind.Code § 35-4.1-1-3 (Burns 1979) governed this plea agreement and stated:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and ... (c) informing him that by his plea of guilty he waives his rights ... to require the state to prove his guilt beyond a reasonable doubt."

Appellant maintains that although the court did advise him of the elements of the offense and that the State would be required to prove them, the court did not explain that such proof would have to be beyond a reasonable doubt. He contends, therefore, that he entered the plea unknowingly and involuntarily.

██ Although a trial court is obligated to inform a defendant of the statutory advisements, precise statutory language need not be used. *Pharris v. State* (1985), Ind., 485 N.E.2d 79, 80. Furthermore, we recently decided *White v. State* (1986), Ind., 497 N.E.2d 893, where we held:

"To decide a claim that a plea agreement was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record.

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with [the governing statute] has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with [the governing statute] rendered his decision involuntary or unintelligent."

*Id.* at 905.

██ A review of all of the evidence in this case illustrates that the court thoroughly and completely advised Appellant of all of his rights on numerous occasions, with the exception of using the words "beyond a reasonable doubt" to describe the standard of proof. The court explained Appellant's right to a speedy trial by a jury; to be represented by counsel at all times; to see and cross-examine witnesses produced by the State; to present his own witnesses and evidence, enhanced by the compulsory subpoena process; to be presumed innocent at trial; to appeal; and to testify or to remain silent at trial. The court further explained, "[I]t would be the burden of the State of Indiana through the Prosecuting Attorney to bring out all of the essential information and make proof of the essential elements of the charge before you could be convicted." Each element of the crime was then individually explained to Appellant. It was made clear to Appellant that if he did plead guilty, all of these rights would be waived. Appellant acknowledged he was willing to plead guilty in return for a twenty (20) year sentence on class B robbery because he realized that he stood a chance of receiving a fifty (50) year sentence on class A robbery.

Appellant pleads no specific facts which show that the court's failure to describe the standard of proof as "beyond a reason-

able doubt" rendered his decision to plead guilty involuntary or unintelligent. In light of the above, we cannot hold that had the court used that language, Appellant would not have pleaded guilty. Appellant has not met his burden of proof set forth in *White.*

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The standard of proof, beyond a reasonable doubt, the State must meet to obtain a criminal conviction, stands out above all other elements as the preeminent beacon of our concept of justice. And it is more than this. It is a very real presence in the day to day work in our courts. As a trial judge I had occasion to overrule motions of the defense for a directed finding because I was convinced that the State had presented sufficient evidence to constitute a prima facie case supporting guilt, and then, when the defense rested without presenting evidence, gone on to acquit upon application of the higher beyond a reasonable doubt standard. I trust that other judges have had like experience.

The standard of proof, beyond a reasonable doubt, is required to be provided to the accused by the judge at the time of pleading guilty, by authority of the guilty plea statute. The failure of that duty is alone for me sufficient basis upon which to grant this post-conviction petition. But it is more than this. Having knowledge of this preeminent facet of our criminal justice system is so basic and elemental as to be constitutionally mandated by due process of law as part and parcel of a voluntary plea of guilty. This was one of the basic decisions reached by this court in *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Although *Austin* was overruled in *White v. State* (1986), Ind., 497 N.E.2d 893, I continue in the firm belief that that decision was correct.