Elmer C. DOUGLAS, Walter Murphy, Jr., Appellants (Petitioners below),

v.

STATE of Indiana, Appellee (Respondent below).

No. 1185S495.

Supreme Court of Indiana.

July 31, 1987.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioners-Appellants, Elmer C. Douglas (Douglas), and Walter Murphy, Jr., (Murphy), appeal their denial of post-conviction relief.

Douglas was charged with robbery, a class A felony, and rape by aiding, a class A felony. The trial court accepted his plea of guilty to robbery, a class B felony. Pursuant to the plea agreement, Douglas was sentenced to twenty (20) years imprisonment.

Murphy was charged with robbery, a class A felony, rape by aiding, a class A felony, and with being a habitual offender. The trial court accepted his plea of guilty to robbery, a class A felony. Pursuant to the plea agreement, Murphy was sentenced to thirty (30) years imprisonment.

In 1984, both Douglas and Murphy filed petitions for post-conviction relief. On June 21, 1985, the trial court denied these petitions. The trial court found the petitions lacked merit and were barred by the defense of laches. The following issues are raised in this appeal:

1) whether Douglas's guilty plea was voluntarily and intelligently entered;
2) whether the trial court erred in finding the defense of laches barred Douglas' petition;
3) whether Murphy's guilty plea was voluntarily and intelligently entered; and
4) whether the trial court erred in finding the defense of laches barred Douglas's petition.

Because Douglas and Murphy raise the same issues, we will consolidate them in our discussion for the sake of convenience.

## I

Both Douglas and Murphy argue their guilty pleas were not voluntarily or intelligently entered because the trial court failed to advise them according to Ind.Code § 35-4.1-1-3, now Ind.Code § 35-35-1-2 (Burns 1986). Both claim they were not adequately advised concerning the following:

   a.  the minimum and maximum penalties for the offenses charged;

   b.  the court was not a party to the plea agreement;

   c.  the possibility of receiving an increased sentence due to prior convictions;

   d.  the court would proceed with judgment and sentencing if a plea was entered; and

   e.  the right to a speedy and public trial.

In *White v. State* (1986), Ind., 497 N.E.2d 893, we set out a new standard for reviewing guilty pleas. We stated:

> "To decide a claim that a plea was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record.
>
> A petitioner who claims that his plea was involuntary and unintelligent but can establish only that the trial judge failed to give an advisement in accordance with § 35-35-1-2 had not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-1-2(a) rendered his decision involuntary and unintelligent."

*White*, 497 N.E.2d at 905.

■ Here, Douglas and Murphy have failed to carry their burden with respect to advisements (a) through (d) listed above. They have not shown how the trial court's failure to advise them of these rights in any way affected their decision to plead guilty. We are aware their petitions were filed before we handed down our *White* decision. However, the remedy for such a situation is for the petitioners to bring a second petition. *White*, 497 N.E.2d at 906.

■ Concerning advisement (e) above, both Douglas and Murphy claim the trial court failed to advise them of their right to a speedy and public trial. Being advised of the right to a jury trial is one of the advisements constitutionally mandated by *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We held in *White* that failure to advise a defendant of a *Boykin* right will require that the conviction be vacated. *White*, 497 N.E.2d at 905.

While petitioners claim they were not advised of this right, the record does not bear them out. Both were advised at their arraignment that a jury trial was set for August 20, 1979. At their guilty plea hearing, both were advised that they had a right to a jury trial. They were also advised that if they rejected the plea agreements, a jury trial would commence on the set date. We find this to be a sufficient advisement of their right to a speedy trial by jury. *See Boone v. State* (1985), Ind., 472 N.E.2d 607, 608; *Blankenship v. State* (1984), Ind., 465 N.E.2d 714, 715.

We find no error here.

## II

■ Next, Douglas and Murphy claim the post-conviction court erred in finding their petitions were barred by the defense of laches. In view of our holding in Issue I, the question regarding the post-conviction court's finding of laches is moot. Since the court found both petitions lacked merit, and denied petitioners relief, whether they were also guilty of laches is of no legal consequence. *Stoehr v. State* (1987), Ind., 506 N.E.2d 1103, 1105.

We therefore affirm the post-conviction court.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.