James D. **KLENK**, Petitioner–Appellant,

v.

**STATE of Indiana,**
**Respondent–Appellee.**

No. 64A03–8906–PC–246.

Court of Appeals of Indiana,
Third District.

Nov. 14, 1989.

---

Jayme Walker, Legal Intern; David E. Vandercoy, Valparaiso University Law Clinic, Valparaiso, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Presiding Judge.

Klenk pled guilty to two counts of rape, one a Class B felony and one a Class A felony.

He now appeals from denial of his petition for post conviction relief and raises three issues.

First, he asserts the court failed to adequately advise him of his right to confrontation before accepting the plea. We agree that the right encompasses both the cross examination of witnesses and their physical confrontation by the accused. *See, e.g., Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40. For this reason the better practice for a court in preparing to consider a guilty plea is, certainly, to expressly mention both aspects. That does not mean, however, that the plea is rendered involuntary if the court fails to use a specific word or term.

On the contrary, our decisions have uniformly held that the precise statutory language need not be used. *See, e.g., Frazier v. State* (1986), Ind., 500 N.E.2d 1187. Moreover, a reviewing court should look to the facts and circumstances surrounding the taking of the plea to determine whether an adequate advisement has been given. *Douglas v. State* (1987), Ind., 510 N.E.2d 682. Thus, our supreme court has expressly held that an accused was adequately advised of his rights of confrontation where neither aspect was expressly mentioned but the accused was advised of his right to a public trial by a jury and had been involved in pretrial depositions of witnesses. *Mathis v. State* (1980), 273 Ind. 609, 613, 406 N.E.2d 1182, 1184.

Here the court advised Klenk of his right to cross examine the prosecution's witnesses and to subpoena and present his own

witnesses. In addition the court discussed with Klenk his rights to speedy trial, public trial, trial by jury and the prosecution's burden of proof. The proceeding itself was for a change of plea, the case having been set for a trial to commence that day. Under the circumstances we find Klenk was adequately advised of his right of confrontation. It was clearly implicit under the circumstances that Klenk was entitled to be present at the trial and confront those witnesses called to testify for the state.

█ Klenk next complains that he was inadequately advised concerning the possible penalties for his offenses. There was no plea agreement as to the particular sentence to be imposed on either offense. Klenk admits, and the record demonstrates, that as to each offense the court advised him of the minimum possible sentence, the maximum possible sentence and the possible additional fine. In addition, the court explained that the sentences might be imposed concurrently or consecutively, what those terms meant, and that it was a matter for the court's discretion to determine which would be adjudged.

Klenk contends this was inadequate and asserts the court was required to advise him of the presumptive sentence for each offense and that sentence could not be reduced below the presumptive sentence unless the court determined that mitigating factors outweighed any aggravating factors. We disagree.

We first point out that the statute, IC 35–35–1–2(a)(3), requires advisement of the maximum possible sentence, the minimum possible sentence and any possibility of consecutive sentences. The court complied with the statute.

More significantly the advice given was that necessary to a knowing, intelligent and voluntary plea. An accused should know the minimum possible sentence. Then he understands the minimum potential consequence he faces if he proceeds (excluding matters concerning possible probation) and, in addition, if he has agreed to a specific sentence recommendation, we have assurance that he understood how his agreement related to the minimum possible.

Additionally, he should know the maximum sentence possible so that he appreciates the worst possible consequences that may result if he proceeds. When he understands both the minimum and maximum, his choice to proceed is knowing and intelligent so as to render the plea voluntary, as to that aspect of the plea, because he understands the range of penalty that may be permissibly imposed. In other words, on the Class A felony Klenk knew the court might sentence him to *any sentence* between 20 years and fifty years. That being so, he was not misled as to the possibility of the court's imposing the 44 year sentence that was ultimately pronounced. The same applies to the imposition of 16 years for the Class B felony. (The sentences were to be served concurrently.) There was no error here.

█ Finally, Klenk asserts the court failed to adequately express the aggravating circumstances in its order when it merely specified certain statutory factors. While the argument has some technical merit, the supreme court has determined that no remand is necessary because of a facially defective sentencing statement where the record of the sentencing hearing adequately supports the decision. *Coates v. State* (1989), Ind., 534 N.E.2d 1087.

We agree that the sentencing order does little more than track the statutory language. On the other hand, the specifics of the circumstances relied on by the judge were amply spelled out in the record of the sentencing hearing. No reversible error occurred.

Affirmed.

HOFFMAN, J., concurs.

STATON, J., concurs and files separate opinion.

STATON, Judge, concurring.

I concur with the Majority's treatment of the confrontation issue, however, I feel that we should point out and emphasize that the very core of the constitutional guarantee is to avoid the *ex parte* affida-

vits and depositions by a magistrate which excluded any meaningful cross examination. Too, as Justice O'Connor pointed out in *Coy v. Iowa* (1988), 487 U.S. 1012, 108 S.Ct. 2798, 2804, 101 L.Ed.2d 857, the physical face-to-face confrontation is not to be taken literally:

> But it is also not novel to recognize that a defendant's "right physically to face those who testify against him" ... even if located at the "core" of the Confrontation Clause, is not absolute, and I reject any suggestion to the contrary in the Court's opinion.

In the present case, Klenk was clearly advised of his right to cross examine witnesses. His right of confrontation was not violated.