**Everett L. DECKER,**
**Petitioner–Appellant,**

v.

**STATE of Indiana,**
**Respondent–Appellee.**

**No. 86A03–8908–PC–331.**

Court of Appeals of Indiana,
Third District.

Feb. 22, 1990.

342

Susan K. Carpenter, Public Defender and Hope Fey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. and Mary Dreyer, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Decker appeals from a denial of post conviction relief. He sought to set aside his 1969 guilty plea to a charge of rape while armed.

The only contention raised is that prior to receiving the plea the court failed to properly advise Decker of his right to confrontation as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

It is undisputed that in advising Decker of the rights he would waive by pleading guilty the trial judge said:

You understand that you have the right to be present in court all during the course of the trial, to meet all the witnesses face to face? You understand that right?

Decker responded, "Yes, sir."

Decker argues that his constitutional rights include physical confrontation and the right of cross examination. He asserts that since the court used neither the word "confront" nor the term "cross examination" he was inadequately advised. We agree that the right of confrontation includes both the features referred to. We disagree with Decker's assertion that he was inadequately advised.

It has clearly been held that in advising an accused of his rights, no specific words are required so long as the substance of the right is meaningfully conveyed. *Gosnell v. State* (1985), 483 N.E.2d 445, 448.

Meeting the witnesses face to face has long been characterized as importing the essence of confrontation. *See, e.g.,* the discussion of the right in the majority opinion in *Coy v. Iowa* (1988), 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857. In addition, it fairly implies the right to cross examine. Our our supreme court has held that advising of the right to "see and hear" the witnesses against one is an adequate advisement. *Woodford v. State* (1989), Ind., 544 N.E.2d 1355. *Cf. Johnson v. State* (1984), Ind., 471 N.E.2d 1107.

Moreover, Decker was asked if he understood the right and affirmatively responded that he did. There is no assertion before us today that he, in fact, did not understand.

We conclude, therefore, that Decker has not established a right to relief under either *Boykin v. Alabama, supra,* or under *White v. State* (1986), Ind., 497 N.E.2d 893.

Affirmed.

STATON and MILLER, JJ., concur.