Jeffrey A. STAMM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8812–CR–469.

Court of Appeals of Indiana,
Second District.

June 25, 1990.

G. Max Rettig, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

On February 10, 1984, Jeffrey A. Stamm (Stamm) pleaded guilty to operating a vehicle while intoxicated. He filed a petition for post-conviction relief on March 11, 1988, which was denied. Stamm appeals the court's denial of his petition for post-conviction relief.

We reverse.

Stamm argues on appeal that his guilty plea was not knowing, intelligent or voluntary because the trial court failed to adequately advise him of his right to confront and cross-examine the witnesses against him.

■ The right to confrontation is conferred upon defendant by the Sixth Amendment to the United States Constitution. The defendant's voluntary waiver of the right to confrontation at a guilty plea hearing is governed by *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with *Boykin* is determined by reference to *White v. State* (1986) Ind., 497 N.E.2d 893. In order for us to determine that defendant's guilty plea was voluntary, knowing and intelligent, the record must reflect that the defendant knew or was advised of his right to confrontation at the time of pleading guilty.

"Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." *White, supra*, 497 N.E.2d at 905.

■ The right to confrontation "encompasses both the cross-examination of witnesses and their physical confrontation by the accused". *Klenk v. State* (1989) 3d Dist.Ind.App., 546 N.E.2d 110, 111.[1] Precise language need not be used if the facts and circumstances surrounding the taking of the plea indicate that an adequate advisement was given. *Id.*

In the present case, the record reflects that the only advisement given was as follows:

"THE COURT: You have a right to a speedy and public trial by jury. Do you care to have a trial by jury or not, sir?

MR. STAMM: No.

THE COURT: You are going to waive or give up that right, is that correct?

MR. STAMM: Yes.

THE COURT: You may have witnesses appear, have the State subpoena those witnesses if they will not come in voluntarily. Are there any witnesses you wish to call on your behalf?

MR. STAMM: No, sir.

THE COURT: You have no witnesses to call then?

---

1. The right to cross examination is neither separately nor specifically conferred either by the United States Constitution or by the Indiana Constitution.

MR. STAMM: No.

THE COURT: You are presumed to be innocent. The burden on the State is present [sic] their evidence and witnesses in Court and the State need [sic] to present enough evidence to prove this charge beyond a reasonable doubt. At a hearing to determine your guilt or innocence, you have a right to remain silent, you cannot be compelled to testify or give a statement in this matter. Do you understand that?

MR. STAMM: Yes.

THE COURT: On the other hand you can give a statement, you have a right to give a statement, if you waive or give up your right to remain silent. There has been a plea agreement submitted to the Court. I am not a party to that agreement, Mr. Stamm, I am not bound by that agreement and, in fact, I could reject that agreement. Do you understand that?

MR. STAMM: Yes." Supplemental Record at 7–9.

■ Although it is not necessary that the court use specific words in advising the defendant concerning the right to confrontation, the advisement must meaningfully convey the substance of the right. *See Decker v. State* (1990) 3d Dist.Ind.App., 550 N.E.2d 341, *trans. pending.* The substance of the right to confrontation was the focus of *Coy v. Iowa* (1988) 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857, which emphasized that the right to confrontation includes not only the right to cross-examine witnesses, but also the right to physically face the State's witnesses.[2] More importantly, however, Article 1, Section 13 of the Indiana Constitution grants the right of an accused "to meet the witnesses face to face." *See Casada v. State* (1989) 1st Dist. Ind.App., 544 N.E.2d 189. Therefore, our

review of whether the defendant was adequately informed of the substance of the right to confrontation must be guided by both the federal and the Indiana constitutional requirements.

■ The advisement given in this case does not address either aspect of the right of confrontation. Although Stamm was informed that the State was required to produce evidence and witnesses in court, Stamm was not informed that he had the right to question those witnesses or to be physically present while they testified. We note that, prior to the decision in *Coy,* our Supreme Court, in a few instances, upheld advisements which did not convey either the right to confront the witnesses or the right to cross-examination. *See Taylor v. State* (1984) Ind., 459 N.E.2d 37; *Romine v. State* (1982) Ind., 431 N.E.2d 780. However, our understanding of *Coy v. Iowa, supra,* as related to a guilty plea advisement concerning the right to confrontation, is that the defendant who seeks to plead guilty must at least, from the information given to him or the circumstances of the taking of the plea, understand that, were he to have a trial, he would have a right to physically face the witnesses who testify against him.[3] *See Woodford v. State* (1989) Ind., 544 N.E.2d 1355 (advising of the right to "see and hear" the witnesses against the defendant is adequate); *Decker v. State, supra,* 550 N.E.2d 341 (advising defendant he had the right "to meet all the witnesses face to face" is an adequate advisement); *Guajardo v. State* (1989) 3d Dist.Ind.App., 544 N.E.2d 174 ("the right to face witnesses against" the defendant is an adequate advisement).

■ We do not imply a return to a requirement that the trial court use specific or precise words in advising defendants

---

**2.** It appears clear that a majority of the United States Supreme Court does not find to be absolute the requirement that a witness face the defendant. *See Craig v. Maryland* (1989) 316 Md. 551, 560 A.2d 1120 (*cert. granted,* — U.S. —, 110 S.Ct. 834, 107 L.Ed.2d 830; *oral arg. held* 4/18/90 U.S. # 89–478, 58 U.S.L.W. 3687).

**3.** That the defendant also has the right to cross-examine those witnesses who testify against him

apparently is implicit in an advisement that he may be physically present to face those who testify against him in court. *Woodford v. State* (1989) Ind., 544 N.E.2d 1355, *but see* Justice DeBruler's dissent (an advisement that defendant had the right to "see and hear" the witnesses against defendant is inadequate because it fails to adequately convey that defendant also had the right to cross-examine those witnesses).

about their right to confrontation. However, we do read *Boykin, White* and *Coy* to require that the defendant be advised of at least some component of the right to confrontation. We may not presume that a defendant's waiver is knowing, voluntary and intelligent from a record which is silent regarding the right to confrontation. *Stewart v. State* (1990) 2d Dist.Ind.App., 548 N.E.2d 1171, *trans. pending.*

In the present case, the court not only failed to use the words "cross-examine" or "confront", there is nothing in the advisement to meaningfully convey to Stamm that he had the right to physically confront, face, or see or hear the witnesses in court. We therefore hold that Stamm was not adequately advised of his right to confront the witnesses against him. Because the right to confrontation is a *Boykin* right, the defendant need not show prejudice to merit reversal. *See White v. State, supra,* 497 N.E.2d 893.

We therefore reverse the judgment and remand to the post-conviction court with instruction to grant Stamm's petition for post-conviction relief.

SHIELDS, P.J., and CHEZEM, J. concur.