**Robert E. HAMPTON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 82A01–9210–PC–355.**

Court of Appeals of Indiana, First District.

June 14, 1993.

Susan K. Carpenter, Public Defender, Ann M. Skinner, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

Petitioner-appellant Robert E. Hampton appeals from the denial of his petition for post-conviction relief with which he challenged a guilty plea. Hampton raises the following two issues for our review, which we have restated as:

I. Was Hampton adequately advised of his right to confront witnesses?

II. Was there a sufficient factual basis justifying the trial court's acceptance of Hampton's guilty plea?

We affirm.[1]

---

1. Hampton also argues the post-conviction relief court incorrectly denied his petition on the basis of laches. Although it is unnecessary to address this claim because we conclude Hampton's guilty plea hearing was not defective, it appears to us the State made a strong showing of both unreasonable delay and resultant prejudice.

*FACTS*

At 4:30 in the morning of November 25, 1982, the Evansville police stopped Hampton because the car he claimed to have been "test-driving" in contemplation of purchase had improper license plates. Upon discovering the vehicle was also improperly registered, the police towed it. During an inventory search, they discovered a handgun underneath the car's front seat. Hampton was charged with carrying a handgun without a permit after having been previously convicted of a felony within the last fifteen years, a Class D felony.[2] After the State agreed to drop an habitual offender allegation, Hampton pled guilty to the charge on April 14, 1983, and received a two-year sentence.

Hampton filed a petition for post-conviction relief on October 10, 1987, over four years later. The State answered the petition on February 17, 1988, denying the allegations and raising the defense of laches. Nothing happened until March 20, 1992, when Hampton amended the petition. Following a hearing, the post-conviction court denied Hampton's petition. Hampton appeals.

**DISCUSSION AND DECISION**

I. Confrontation

Hampton initially asserts his guilty plea was not made intelligently and voluntarily, because, he claims, he was inadequately advised that by pleading guilty he waived his right to confront adverse witnesses. He acknowledges the trial court advised him he had the right "to cross-examine any witness used by the State[,]" *record* at 119, but claims he should also have been advised of his right to physically confront the witnesses face to face.

■ In the case of a post-conviction relief petition claiming an involuntary and unintelligent guilty plea, both *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and *White v. State* (1986), Ind., 497 N.E.2d 893, require that the conviction be vacated "unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving ... his right of confrontation...." *White, supra,* at 905.

■ The right to confront accusers and adverse witnesses has long been established in western jurisprudence[3] and is set forth in both the sixth amendment to the United States Constitution (guarantying an accused the right "to be confronted with the witnesses against him")[4] and art. I, sec. 13 of the Indiana Constitution ("In all criminal prosecutions, the accused shall have the right ... to meet the witnesses face to face ..."). It is not an "absolute" right, however, and may be waived. *Brady v. State* (1991), Ind., 575 N.E.2d 981, 987.

■ The right of confrontation has two separate components: the right of cross-examination and the right of physical, face to face confrontation. *See Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40, 53; *Hart v. State* (1991), Ind., 578 N.E.2d 336, 337; *Miller v. State* (1988), Ind., 531 N.E.2d 466, 470; *Klenk v. State* (1989), Ind.App., 546 N.E.2d 110; *Casada v. State* (1989), Ind. App., 544 N.E.2d 189, 192, *trans. denied.* "For this reason the better practice for a court in preparing to consider a guilty plea is, certainly, to expressly mention both aspects. That does not mean, however, that the plea is rendered involuntary if the court fails to use a specific word or term." *Klenk, supra,* at 111. What matters is whether the advisement "meaningfully convey[s] the substance of the right." *Stamm v. State* (1990), Ind.App., 556 N.E.2d 6, 8.

---

**2.** Formerly IND.CODE 35–23–4.1–18(c); now IND.CODE 35–47–2–23(c).

**3.** *See Coy v. Iowa* (1988), 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857, noting that under Roman law Governor Festus was obliged to advise his prisoner, Paul, that Paul had the right to address his accusers face to face.

**4.** The sixth amendment confrontation right is applicable to the states through the fourteenth amendment. *Pointer v. Texas* (1965), 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923, 926.

■ It is appropriate to examine the facts and circumstances surrounding the plea to determine whether an adequate advisement has been given. *Klenk, supra,* at 111. Even if the guilty plea transcript is silent on the issue of *Boykin* advisements, the record may be rehabilitated through testimony during a post-conviction relief hearing. *Youngblood v. State* (1989), Ind., 542 N.E.2d 188. In *Taylor v. State* (1984), Ind., 459 N.E.2d 37, *Romine v. State* (1982), Ind., 431 N.E.2d 780, and *Mathis v. State* (1980), 273 Ind. 609, 406 N.E.2d 1182, our supreme court examined the surrounding circumstances and upheld advisements which mentioned neither the right of cross-examination nor the right of face to face confrontation. In *Klenk,* the post-conviction relief petitioner was advised of his right of cross-examination during a change-of-plea hearing held on the same day trial was to begin. Judge Garrard concluded "[i]t was clearly implicit under the circumstances that Klenk was entitled to be represented at the trial and confront those witnesses called to testify for the state." *Klenk, supra,* at 112.

■ Here, Hampton was given a written checklist entitled "Advisement of Rights." Hampton indicated in writing that he understood he had the right to cross-examine witnesses. Shortly thereafter, the trial court read the list aloud, and again Hampton indicated he understood that by pleading guilty, he was waiving his right to cross-examination. Hampton was fully advised of all other rights (save the right to confront witnesses face to face), was apprised of both the State's burden of proof and of the possible penalties, and indicated he understood them. Hampton does not deny that he had earlier participated in at least one trial in which he exercised his right to confront witnesses face to face. Under these circumstances, we conclude the post-conviction court correctly determined Hampton voluntarily and intelligently waived his right to meet witnesses face to face.[5]

Hampton's case is unlike *Stamm, supra,* in which the post-conviction relief petitioner was advised of neither aspect of the right of confrontation during his guilty plea hearing. It is, however, consistent with *Stamm,* which opined that "the defendant who seeks to plead guilty must at least, from the information given to him or the circumstances of the taking of the plea, understand that, were he to have a trial, he would have a right to physically face the witnesses who testify against him." *Id.* at 8. Hampton had in the past exercised his right to confront witnesses face to face. Even though the trial court which took Hampton's guilty plea did not advise him of his right to face witnesses, the surrounding circumstances convince us Hampton was adequately advised.

## II. Factual Basis

■ Hampton next contends the trial court did not establish an adequate factual basis for accepting his guilty plea because there was no showing he had actual or constructive possession of the gun. A trial court may not accept a plea of guilty unless it is satisfied there is a sufficient factual basis for the plea. IND.CODE 35–35–1–3(b); *Stockey v. State* (1987), Ind., 508 N.E.2d 793, 794.

■ When a post-conviction relief petitioner challenges the sufficiency of the factual basis underlying his guilty plea, the reviewing court neither weighs evidence nor judges the credibility of the witnesses. We confine our review to the evidence favorable to the State, and if there is "sub-

5. In passing, we observe that at the time Hampton gave his guilty plea, the cross-examination aspect of the right of confrontation was considered pre-eminent. In 1983, both Indiana courts and the federal courts described the "essential purpose" of the right as providing the accused with an opportunity to cross-examine adverse witnesses. *Casada, supra,* at 192. "Although the Indiana Constitution specifically provides criminal defendants with the right to confront their accusers face-to-face, the Indiana Supreme Court stated in *Miller v. State* (1987), Ind., 517 N.E.2d 64, 69, that cross-examination is the primary interest secured by the confrontation clause of Ind. Const. of 1851, art. I. § 13." *Id.* Similarly, as late as 1986 the United States Supreme Court held the sixth amendment had similar purposes. *Id.* (citing *Lee v. Illinois* (1986), 476 U.S. 530, 540, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514, 526). It was not until *Ritchie, supra,* and *Coy, supra,* that the face to face aspect gained prominence in the federal system.

stantial evidence of probative value to support the trial court's finding," we will affirm the finding. *Id.*

The relevant portion of the transcript reads as follows:

Court: Okay, Mr. Hampton, you have a form in front of you that Mr. White [defense counsel] has, first of all, let me be sure you understand the nature of the charges that have been filed against you in this matter and it is carrying a handgun without a permit and particularly in light of a prior felony conviction of you [sic] within fifteen years of the date. You are charged as of November 25, of last year, 1982, of carrying a handgun and specifically a Kimel Matthews caliber revolver. *Did you, in fact, have that gun on your person at that time?*

Mr. White: Judge, I believe the facts—

Court: *Or rather within the vehicle that you were driving?*

Defendant: *Yeah.*

Mr. White: There is no showing that he had it on his person.

Court: Okay. And was that gun licensed to you?

Defendant: No.

Court: Did you have any type of permit or permission to carry that weapon?

Defendant: No.

Court: And are you the same Robert E. Hampton who was convicted in this particular court on July 17 three years ago, in 1980 of the crime of burglary, which was a Class C felony?

Defendant: Yeah.

Court: Okay, was the car your possession, or I mean did it belong to you or did it belong to someone else?

Defendant: No, I was buying the car.

Court: Okay, so you had the right to its possession at the time on November 25, 1982?

Defendant: Yeah.

Court: Alright, let the record show that there is a factual basis for the plea of guilty and you do intend to withdraw your plea of not guilty and enter one of guilty, is that correct now?

Defendant: Yes.

Court: You understand that by your plea of guilty, you are admitting the truth of all the facts alleged in the information and upon entry of such plea, the Court will proceed with judgment and sentence? Do you understand that?, sir?

Defendant: Yes.

*Record* at 119–20 (emphasis added).

Contrary to Hampton's position, a reasonable reading of the emphasized portion of the above passage demonstrates Hampton admitted he did, in fact, have the gun within the vehicle he was driving. Furthermore, at the conclusion of the passage, Hampton affirmatively indicated his understanding that by pleading guilty he was admitting the truth of the underlying facts. Finally, we observe the post-conviction relief court simply did not believe Hampton's new claim that he was not aware of the gun's presence: "this court does not believe Hampton and further finds it is extremely unusual for test-driving of a car at [four-thirty in the morning]." *Record* at 108. We find no error.

The post-conviction court correctly denied Hampton's petition. The judgment is affirmed.

Affirmed.

ROBERTSON and GARARRD, JJ., concur.