**Jeffrey E. MINOR, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 48A02–9405–PC–301.[1]

Court of Appeals of Indiana,
First District.

Oct. 18, 1994.

Transfer Denied Dec. 7, 1994.

---

1. This case was diverted to this office on September 7, 1994, by direction of the Chief Judge.

Jeffrey E. Minor, pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Pro se appellant-defendant Jeffrey E. Minor opposes the denial of his petition for post-conviction relief that alleged his guilty plea was not intelligently, knowingly, and voluntarily made, and that he received ineffective assistance of trial counsel. Most notably he challenges the propriety of the court's order of probation where his plea agreement was, silent as to this sentencing provision.

## FACTS

Minor entered a written plea agreement with the State on September 9, 1981, admitting the commission of robbery as a Class C felony. At the guilty plea hearing on September 21, 1981, the court first advised Minor of his constitutional rights and then allowed the State to present a factual basis for Minor's plea. The State did this by questioning Minor himself. Minor admitted that he and a co-defendant knocked a woman down in a parking lot and stole her purse. Upon finding that Minor understood his rights and that the State had established a factual basis, the court accepted Minor's guilty plea. At Minor's sentencing hearing on September 28, 1981, the court imposed a five-year sentence but suspended all of it except for 52 weekends in accordance with the plea agreement. Additionally, the court placed Minor on probation for two years.

On September 11, 1990, Minor filed a petition for post-conviction relief alleging 1) ineffective assistance of counsel regarding pretrial preparation and 2) inadequate advisement of the nature of the charges and of his right to compulsory process to obtain witnesses. His petition was summarily denied on March 25, 1993, but resurrected through grants of motions to correct error and to amend his petition.[2] Minor amended his petition to add allegations that his guilty plea was not knowingly, intelligently and voluntarily entered because the factual basis for his guilty plea was insufficient, that the trial court violated the plea agreement by imposing two years of probation, and that his counsel provided ineffective assistance on the probation issue. Following a hearing in 1994, the post-conviction court denied all relief.

## DISCUSSION AND DECISION

### I. Adequacy of Post-Conviction Court's Decision

Minor's first contention on appeal is that the post-conviction court's findings of fact and conclusions of law failed to address all of the issues raised in his amended petition. Ind. Post-Conviction Rule 1, § 6 requires the court to make specific findings and conclusion on all issues presented. The State concedes that the post-conviction court made findings only on the issue of ineffective assistance of counsel. However, remand is not necessary where the facts underlying the claims are not in dispute and the issues are clear. Shackelford v. State (1986), Ind., 486 N.E.2d 1014, 1018.

The facts regarding Minor's claims are not disputed and he has fully discussed in his brief the alleged deficiencies in the record and his trial counsel's performance, except for the compulsory process issue. Likewise, the State has responded to all of these issues. In the interest of judicial economy, we will review Minor's allegations argued in his brief rather than remand for further findings.

### II. Guilty Plea

The next issue Minor raises is whether his guilty plea was voluntary, knowing, and intelligent. He alleges several grounds urging vacation of his guilty plea. We consider each separately mindful of our standard of review. We will reverse the denial of post-conviction relief only where the evidence is without conflict and leads only to a conclusion different from that of the post-conviction court. Lyons v. State (1992), Ind.App., 600 N.E.2d 560, 563.

We examine first whether the trial court failed to properly advise Minor of his Boykin rights and secure his waiver of those rights. Minor concedes that the court told him that he would be giving up his Boykin rights—the right of confrontation, the right to a jury trial, and the right against self-incrimination. See White v. State (1986), Ind., 497 N.E.2d 893, 905 (quoting Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274). Nevertheless, he incredulously maintains that the court did not advise him that he had these rights. He further contends that he never waived his Boykin rights. More spe-

---

2. During the flurry of paperwork to save the first petition for post-conviction relief, Minor filed a successive petition for relief. However, upon the granting of his motions to correct errors and to amend his first petition and set it for hearing, the successive petition was not pursued. This appeal involves the amended first petition.

cifically, he alleges that although he was informed that he could not be compelled to testify against himself, he did not understand that he could not be forced to incriminate himself. In addition, he maintains that the court half-heartedly informed him of his rights. He suggests that the right against self-incrimination should have been explained better since he had already made incriminating statements prior to entering his plea agreement.

◼ The record contradicts Minor's allegations that he was not adequately advised of his rights and that he did not waive them. It contains the written plea agreement Minor signed in which he was informed of his constitutional rights and acknowledged that he understood that he was waiving those rights. R. at 131.[3] Moreover, the judge did advise Minor of those same rights at the hearing. R. at 112–13. When asked if he understood those rights and that he was giving up those rights, Minor answered "yes." R. at 113. The court was not required to use particular words, such as "waiver" and "incrimination," when informing Minor of his rights and the consequences of pleading guilty so long as he was meaningfully advised. *See Hampton v. State* (1993), Ind.App., 616 N.E.2d 373, 375 (regarding adequacy of advisement of right of confrontation). The facts and circumstances surrounding Minor's plea show that an adequate advisement was given, and waiver was secured. *See id.* at 376 (guilty plea upheld where combination of written and oral advisement of rights satisfied *Boykin* ).

◼ Next, Minor argues that the trial court violated Federal Criminal Rule 11 by failing to advise him of the essential elements of robbery and failing to establish a factual basis for the guilty plea. Minor erroneously relies upon a federal rule; Indiana courts do not follow federal rules of procedure. *See Anderson v. State* (1959), 239 Ind. 372, 375,

156 N.E.2d 384, 385. Additionally, Minor cites Indiana authority for his argument that the court failed to establish a factual basis for his plea, or to determine that he understood the nature of the charge. He maintains that the record is devoid of these necessary requisites to the court's acceptance of his guilty plea. He is wrong.

◼ A trial court may not accept a guilty plea unless a sufficient factual basis has been established for the plea. IND. CODE § 35–35–1–3(b). When a post-conviction relief petitioner challenges the sufficiency of the factual basis, we neither weigh the evidence nor judge the credibility of witnesses. *Hampton,* 616 N.E.2d at 376. We confine our review to the evidence most favorable to the State, and if there is substantial evidence of probative value to support the trial court's finding, we will affirm it. *Id.* at 376–77.

◼ An adequate factual basis for the acceptance of a guilty plea may be established in several ways: 1) by the State's presentation of evidence on the elements of the charged offenses, 2) the defendant's sworn testimony regarding the events underlying the charges, 3) the defendant's admission of the truth of the allegations in the information read in court, or 4) the defendant's acknowledgement that he understands the nature of the crimes charged and that his plea is an admission of the charges. *Carney v. State* (1991), Ind.App., 580 N.E.2d 286, 289, *trans. denied.*

◼ At the guilty plea hearing, Minor acknowledged that he was admitting to the truth of the facts alleged in the charging information. R. at 113. He testified that he and a co-defendant robbed a woman in a parking lot in Madison County by knocking the woman to the ground and stealing her purse. R. at 116. Minor's admissions estab-

---

**3.** As a guilty plea entered into before December 3, 1981, Minor's plea is evaluated by reviewing the entire record to determine whether adequate advisement and waiver occurred. *Von Hagel v. State* (1990), Ind.App., 568 N.E.2d 549, 550, *trans. denied.* Under this standard of review, the trial court need not personally inform the defendant of the advisements enumerated by statute; a plea agreement reciting the advisements is suffi-

cient. *Id.; see also Clark v. State* (1978), 270 Ind. 104, 383 N.E.2d 321, 322 (court's failure to orally inquire whether defendant understood his rights was not reversible error where plea agreement contained advisement and waiver). Even though the plea agreement alone was sufficient to inform Minor of his *Boykin* rights, we find that the court also provided oral advisements at the guilty plea hearing.

lished a proper factual basis for his guilty plea.

In a guilty plea situation, the court must also be satisfied that the defendant understands the charges. *Melton v. State* (1993), Ind.App., 611 N.E.2d 666, 668, *trans. denied.* Contrary to Minor's contention, the court is not required to advise the defendant of the elements of the crime, but rather the nature of the charge. *See England v. State* (1993), Ind.App., 625 N.E.2d 1264, 1265, *trans. denied.* An admission of facts which constitutes an admission of each element of the offense will fulfill the requirement that the defendant understands the true nature of the charge. *Melton*, at 669. Minor's sworn testimony about the robbery meets the requirement. Because Minor failed to show by a preponderance of the evidence that his guilty plea was invalid, the post-conviction court's denial of relief is not clearly erroneous.

### III. Probation

Minor asserts that the trial court improperly imposed probation when it was not part of the written plea agreement that the court accepted. Once a trial court accepts a plea agreement, it is bound by its terms. IND.CODE § 35-35-3-3(e). The State argues that IND.CODE § 35-50-2-2(c) mandated imposition of probation notwithstanding the terms of the plea agreement. I.C. § 35-50-2-2(c) provides that whenever the court suspends a sentence for a felony, it shall place the person on probation.

Our supreme court has considered this issue in relation to the shock probation statute, IND.CODE § 35-38-1-17, formerly IND. CODE § 35-4.1-4-8. In *Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 552, 419 N.E.2d 109, 114, the trial court was foreclosed from granting shock probation because the guilty plea contained an express agreement to executed sentences. The Indiana Supreme Court reasoned:

> The concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence,

would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

*Id.* at 552, 419 N.E.2d at 114. This rationale was deemed controlling in *Munger v. State* (1981), Ind.App., 420 N.E.2d 1380, 1383, despite the mandatory nature of the drug probation statute, IND.CODE § 16-13-6.1-18, where the defendant agreed to an executed sentence.

Unlike *Goldsmith* and *Munger*, however, Minor's plea agreement did not require an executed sentence. Minor agreed to a partially suspended sentence. I.C. § 35-50-2-2(c) required the court to impose a period of probation not to extend beyond the expiration of the suspended sentence. The plea agreement was silent regarding a period of probation. In *Buck v. State* (1991), Ind.App., 580 N.E.2d 730, 732, we held that where the plea agreement did not state explicitly that the defendant was placed on probation, the agreement implicitly granted a probationary suspension when it referred to community service, which is a condition of probation. *See* IND.CODE § 35-38-2-2(a)(13). Similarly, Minor's plea agreement implied that it was a probationary suspension in that he agreed to attend OAR Re-Entry Work Improvement and obtain his GED diploma. R. at 131. A condition of probation is to " . . . faithfully pursue a course of study or vocational training that will equip him for suitable employment." I.C. § 35-38-2-2(a)(1). The court's imposition of probation did not violate the plea agreement.

### IV. Entry of Conviction

Minor contends that the trial court incorrectly entered his robbery conviction as a Class A felony rather than a Class C felony. His argument is based upon a copy of his criminal record from the Indianapolis Police Department. We agree with the State that Minor has not shown that the trial court incorrectly entered his conviction. The record reflects that the court entered a Class C felony conviction upon his guilty plea. R. at

4, 122, 130. Any clerical error in the records maintained by the Indianapolis Police Department is not amenable in the present post-conviction forum. If the police department's record of Minor's criminal history has prejudiced him in another proceeding as he contends, then his remedy is to pursue a motion to correct erroneous sentence with the relevant court.

## V. Ineffective Assistance of Counsel

■ Minor's last contention is that he received ineffective assistance of counsel. He contends that numerous actions and inactions of his counsel individually and collectively fell below adequate representation. To succeed on a claim of ineffectiveness of counsel where the petitioner pled guilty, the petitioner must establish that counsel's performance was objectively deficient, and a reasonable probability that but for counsel's errors, the petitioner would have refused to plead guilty and would have insisted on proceeding to trial. *Von Hagel,* 568 N.E.2d 549, 550.

■ Minor first argues that his counsel was ineffective for not interviewing, subpoenaing, and deposing witnesses, or otherwise investigating his case or preparing for trial. We first observe that in the written plea agreement and at the guilty plea hearing, Minor stated that he was satisfied with counsel. Minor's statements are sufficient conflicting evidence to defeat his post-conviction argument to the contrary. *See Von Hagel,* 568 N.E.2d at 550.

■ Furthermore, Minor's counsel testified at the post-conviction hearing that Minor told him that he had made statements to the police admitting his involvement in the robbery, but that counsel had no recollection that the statement was involuntarily made. R. at 168. Counsel testified that he secured production of court documents, police reports, and copies of Minor's statements before entering into any type of plea negotiations. R. at 172. Counsel stated that he would have filed a motion to suppress Minor's statement if he had had any information that the confession was involuntary. R. at 174. Counsel further stated that the information that he had at the time was that

Minor's statement was a voluntary admission given after he was advised of his constitutional rights. R. at 174. Lastly, his counsel testified that the decision to plead guilty remained with the defendant. R. at 182. When Minor decided to enter a plea agreement, it was reasonable for his attorney to cease trial preparation. We find the record supports the post-conviction court's conclusion that counsel's pretrial actions conformed to the prevailing professional norms.

■ Minor argues now that counsel tricked him into pleading guilty by misinforming him that his incriminating statements could be used against him at trial and that he would be convicted on these statements. Again, in the plea agreement and at the guilty plea hearing, Minor stated that no threats were made to induce his guilty plea. This is sufficient evidence to confirm the post-conviction court's denial of relief. *See Von Hagel,* 568 N.E.2d at 550–51. Additionally, the post-conviction hearing transcript reveals that counsel did not find that Minor's incriminating statements were taken in violation of the law, and therefore, could be used against him at trial. R. at 174. The record is barren as to any evidence supporting Minor's claim that his confession would have been inadmissible at trial. Any confession made after a valid waiver of *Miranda* rights is admissible at trial. *French v. State* (1989), Ind., 540 N.E.2d 1205, 1207. Minor has not sustained his burden of proof on this issue. His counsel's advice did not constitute ineffectiveness of counsel.

■ Minor also argues that his counsel was deficient for not objecting to the trial court's failure to follow Fed.Crim. Rule 11. Because Indiana is not bound by the federal rule, any objection would have been fruitless. Counsel is not inadequate for not making a futile objection. *See Vaughn v. State* (1990), Ind., 559 N.E.2d 610, 615.

■ Next, Minor asserts that counsel's performance was deficient by his failure to inform the court of the lack of an adequate factual basis for the guilty plea. This claim is meritless in that we have found that a sufficient factual basis was established. *See*

*II. Guilty Plea.* Similarly, Minor attacks his counsel's performance on the probation issue. However, we found no error in the court's order of probation in *III. Probation.* Thus, counsel's representation was not inadequate in this regard.

Minor finally contends that his counsel's performance as a whole constitutes ineffectiveness of counsel. *See Smith v. State* (1987), Ind., 511 N.E.2d 1042, 1046. Since we find that his counsel's performance was objectively reasonable there can be no accumulation of errors to render counsel ineffective.

In conclusion, we affirm the denial of post-conviction relief on all issues.

Judgment affirmed.

NAJAM and KIRSCH, JJ., concur.