Glenwood PARDUE, Appellant,

v.

STATE of Indiana, Appellee.

No. 679S153.

Supreme Court of Indiana.

May 7, 1980.

Richard A. Miller, Greco, Gouveia, Miller & Pera, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Gregory Alan Clark, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Glenwood Pardue was charged in Lake Superior Court with Class B robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and Class D theft, § 35–43–4–2. He was tried to a jury and found guilty on both counts. The court sentenced appellant on the robbery charge only, and ordered him to serve a determinate term of twenty years.

At approximately 11:30 a. m. on August 21, 1978, appellant Pardue went to the Squire Lincoln Mercury automobile dealership in Gary, ostensibly for the purpose of purchasing a new car. He and one of the salesman took a 1978 Lincoln Mark IV out for a test drive. After appellant had driven the car for some distance, he stopped the car, produced a .38 caliber pistol, and ordered the salesman to hand over his wallet. After the salesman gave appellant his money, he got out of the car. Appellant Pardue then drove off in the Mark IV. He was apprehended by Gary Police a short time later. Appellant now raises two issues on this appeal, concerning: (1) whether the

trial court erred in denying his motion to suppress and admitting his confession into evidence; and (2) whether the trial court incorrectly instructed the jury on the defense of intoxication.

I.

Appellant first argues his confession was not given voluntarily and, therefore, should have been suppressed. He claims the confession was the product of improper promises and inducements by the interrogating police officers. Appellant testified that he was "coming down" from the effects of heroin and wine he had consumed earlier that day. Not surprisingly, he stated he felt "half sick and half high." He also testified that he requested methadone from the officers to combat the effects of the heroin. Appellant now claims the confession was given in exchange for the police officers' promise to secure methadone for him.

This claim, however, is not supported by any evidence. Both interrogating officers testified that appellant did request methadone, but the evidence was conflicting as to whether this request was made during the time appellant was giving his confession or afterward. There is *no* evidence that the police officers promised to obtain methadone for Pardue. They testified the appellant promptly answered each of their questions. They also testified that appellant did not appear to be under the influence of narcotics or alcohol, and did not appear to be going through withdrawal. In fact, they observed nothing physically wrong with appellant during the interrogation. The entire session lasted only approximately ten to fifteen minutes. The evidence clearly shows that the officers advised appellant orally and in writing of his constitutional rights. Appellant stated that he understood his rights, and he signed a waiver of rights form prior to giving the confession.

In examining on appeal the sufficiency of the evidence concerning the voluntariness of a confession, this Court will not reweigh the evidence. Rather, we will determine only if there is substantial probative evidence to support the trial court's ruling. Further, we will not ordinarily disturb the trial court's finding when that finding is based on conflicting evidence. *Love v. State*, (1980) Ind., 400 N.E.2d 1371; *Harrison v. State*, (1978) Ind., 382 N.E.2d 920, 923–24; *Richardson v. State*, (1978) Ind., 373 N.E.2d 874, 875. In light of all of the evidence recited above, we do not believe the court erred in finding that appellant's confession was voluntarily given and not the product of promises or inducements. *Love v. State, supra. See Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144.

II.

Appellant next argues the trial court's instruction on the defense of intoxication incorrectly stated the law. Final Instruction number seven states:

In order to convict the defendant of the crime of theft Class D in Count II, it is necessary to satisfy the jury beyond a reasonable doubt that the defendant entertained the specific intent to deprive the other person of the value or use of the property. Intoxication from drugs or alcohol does not excuse the offense, but intoxication may be so extreme that a person is incapable of forming or entertaining a specific intent. If the evidence shows that the defendant was intoxicated at the time of the theft as charged in Count II, the jury should consider his state of intoxication in determining if the defendant had the specific intent required.

If from all the evidence you have a reasonable doubt whether the defendant was capable of forming such specific intent, you must give the defendant the benefit of that doubt and find that he did not have such specific intent.

Robbery Class B or Class C, as charged in Count I, does not have such a specific intent element, and, therefore, intoxication is no defense.

Record at 43. Appellant correctly points out that the last sentence of this instruction is an incorrect statement of law. This Court has clearly held that robbery is a

crime of specific intent, and, therefore, that intoxication may be a defense thereto. *E. g., Snipes v. State*, (1974) 261 Ind. 581, 307 N.E.2d 470; *Gregory v. State*, (1973) 259 Ind. 652, 291 N.E.2d 67.

However, under the facts of this case, we do not believe appellant was prejudiced. Appellant's evidence of intoxication, of course, applied to both the theft and robbery charges. The undisputed evidence shows that the theft occurred within seconds after, if not simultaneously with, the robbery. The court did properly instruct the jury that intoxication could be a defense to the theft charge. Thus, evidence and instructions on intoxication with respect to the theft were before the jury. However, the jury found appellant guilty of theft. This, then, was an implicit rejection by the jury of appellant's intoxication defense. Even if the court had given a proper instruction, the jury logically could not have believed appellant's intoxication defense with respect to the robbery, when it disbelieved the same evidence as applied to the theft. Therefore, under the facts of this case, we do not believe appellant was prejudiced by this incorrect instruction. *See Pinkerton v. State*, (1972) 258 Ind. 610, 283 N.E.2d 376; *Brewer v. State*, (1969) 253 Ind. 154, 252 N.E.2d 429. *Compare Snipes v. State, supra.*

Finding no reversible error, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and DeBRULER, JJ., concur.

PRENTICE, J., concurs in result.