Larry G. JOHNSON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–680A165.

Court of Appeals of Indiana, Third District.

Nov. 25, 1981.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

### ON PETITION FOR REHEARING

■ The State has petitioned for a rehearing of *Johnson v. State* (1981), Ind. App., 426 N.E.2d 91. In its petition, the State basically requests this Court to address the issues which this Court has already addressed at length in the opinions filed on September 29, 1981. Suffice it to say that this Court adheres to the Indiana Supreme Court's holding that it is within "the discretion of the trial court whether or not to give an instruction including definitions." *Coonan v. State* (1978), 269 Ind. 578, 586, 382 N.E.2d 157, 163–64, *cert. denied* (1979), 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. It is evident that the Supreme Court did not intend to require a party to tender and the trial court to give

definitional instructions upon every word that may be or may have been defined and discussed in the criminal code or in case law. Only when words used in instructions have technical meanings that may confuse the jury should definitional instructions upon those words be tendered and given. *McFarland v. State* (1979), Ind., 390 N.E.2d 989, 994. The instructions tendered by Johnson in the present case did not operate under such an infirmity.

The State also raises an issue that is collateral to those issues already addressed and contends that this Court decided that collateral issue erroneously. That contention merits comment. The State argues that the majority of this Court inferred that voluntary intoxication may constitute a "complete defense" to the offense of battery, IC 1976, 35–42–2–1 (Burns Code Ed., 1981 Supp.). The State's argument is predicated upon this Court's observation that the trial court's giving of a voluntary intoxication instruction was further evidence of the trial court's belief that an evidentiary dispute over Johnson's mental state existed. It was this evidentiary dispute that necessitated the giving of an instruction upon the lesser included offense of recklessness, IC 1976, 35–42–2–2(b) (Burns Code Ed., 1979 Repl.) (amended 1981).

■ First, the State did not voice an objection at trial or on appeal to the giving of the intoxication instruction. Secondly, this Court *did not* hold that voluntary intoxication may constitute a "complete defense" to the offense of battery. Rather, this Court held that Johnson was entitled to have the jury instructed that if the jury did not believe that Johnson acted "knowingly or intentionally" (as required by IC 35–42–2–1), then the jury may have found Johnson guilty of recklessness (IC 35–42–2–2(b)) if Johnson "recklessly" inflicted serious bodily injury upon the victim. The distinction between the degrees of culpability required under the battery and recklessness statutes was discussed and analyzed by the Indiana Supreme Court in *Humes v. State* (1981), Ind., 426 N.E.2d 379. The point of law

which this Court was stating is best captured in the following passage:

> "[S]o long as the charged offense contains a lesser included offense which does not require a 'specific intent,' the accused's voluntary intoxication does not operate as a complete defense; but, instead, operates as a mitigating defense, warranting a conviction for one of the lesser included offenses that does not require a specific intent."

*Carter v. State* (1980), Ind.App., 408 N.E.2d 790, 801. Applying that passage to the present case, the majority of this Court determined that battery contained a lesser included offense, recklessness, that did not require the actor to engage in "knowing" or "intentional" conduct. As such, the jury should have been instructed upon the lesser included offense that required a lower degree of culpability than that required under the greater offense.

Before the legislature's amendment of the voluntary intoxication statute, IC 1976, 35–41–3–5 (Burns Code Ed., 1981 Supp.), in 1980, the Indiana Supreme Court held that the inclusion of the word "knowingly" in a criminal statute required the actor to specifically intend to commit the conduct and resulting consequences for which he was being prosecuted. *See, Williams v. State* (1980), Ind., 402 N.E.2d 954, 955. It appears that the 1980 amendment to IC 35–41–3–5 may have altered the circumstances under which a voluntary intoxication instruction must be given. *See, Carter, supra,* 408 N.E.2d at 804, n.33. Nevertheless, the amendment is inapplicable to the present case since the amendment became effective after the date of the alleged offense and after Johnson's trial was completed.

The State's petition for rehearing is denied.

GARRARD, J., concurs.

HOFFMAN, P. J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I would grant the appellee's petition for rehearing and affirm Johnson's conviction for the reasons set forth in my dissenting opinion in *Johnson v. State* (1981), Ind.App., 426 N.E.2d 91.

It is necessary also at this time to clarify my reference to the "majority opinion" in my dissenting opinion. The State is correct in that this reference was somewhat confusing since Judge Staton and Judge Garrard both wrote opinions. My reference to the "majority" was meant to relate to the "majority in result" rather than the "majority in reasoning."

In his opinion denying the State's petition for rehearing, Judge Staton attempts to distinguish this case from *Smith v. State* (1981), Ind., 422 N.E.2d 1179 and holds that, "[o]nly when words used in instructions have technical meanings that may confuse the jury should definitional instructions upon those words be tendered and given. . . . The instructions tendered by Johnson in the present case did not operate under such an infirmity." (Citation omitted.)

Yet, the Indiana Supreme Court disagreed with this proposition of Judge Staton's in *Smith* when it specifically said,

> ". . . the instruction uses the words 'recklessly, knowingly or intentionally.' Under our penal code, these are terms of art; that is, they have special legal definitions. Ind.Code § 35–41–2–2 (Burns 1979 Repl.). We have held that the use of a word of art in an instruction requires a further instruction on the definition of that word. . . . However, Smith tendered no additional instructions on the meaning of these terms. For these reasons, the tendered instruction was confusing and thus properly refused." (Citations omitted.)

*Smith, supra,* at 1184.

Likewise, Johnson's tendered instructions contain the terms of art of "recklessly, knowingly or intentionally," yet he tendered no additional instructions on the definitions of those terms. Therefore, as in *Smith*, Johnson's instructions were properly refused.