Charles W. SMITH, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–582A113.

Court of Appeals of Indiana, Fourth District.

Nov. 23, 1982.

Estelle Powell, East Chicago, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Charles W. Smith appeals his jury conviction for Robbery, a class B felony under Ind.Code 35–42–5–1.[1]

We affirm.

5–1 read as follows:

## ISSUE

Did the trial court err when it refused to give Smith's tendered instruction on the defense of intoxication?

## FACTS

On May 26, 1981, Smith was charged with robbery. On January 18, 1982, a jury was selected to hear the case. Out of the presence of the jury, a hearing was held on the defense of intoxication. The court ruled it would not instruct the jury on intoxication as a defense to robbery. Evidence was heard on January 20, 1982. At the close of the evidence, Smith objected to the trial court's refusal to give his tendered instruction number one concerning the defense of intoxication. The jury returned a guilty verdict.

## DISCUSSION AND DECISION

Smith argues the trial court erred in refusing to give his tendered instruction concerning voluntary intoxication as a defense to robbery.[2] We disagree.

The basic issue here concerns the effect of the 1980 amendment to the voluntary intoxication defense statute. That statute, Ind.Code 35–41–3–5(b) now provides:

(b) Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase "with intent to" or "with an intention to."[3]

The issue in this case is whether the quoted statute still permits a voluntary intoxica- tion defense in robbery cases since the robbery statute contains the word "intentional- ly", not the phrase "with intent to" or "with an intention to."[4]

Prior to the amendment of the statute, the voluntary intoxication defense was available only as to crimes with a specific intent element.[5] In *Williams v. State,* (1980) Ind., 402 N.E.2d 954, our supreme court held robbery, with its "knowingly" requirement, was a specific intent crime. The amended statute no longer contains any reference to this "specific intent" re- quirement, however. In order for the de- fense to be available, either the phrase "with intent to" or the phrase "with an intention to" must be contained within the statutory definition of the crime charged before a defendant may assert the volun- tary intoxication defense. Neither of these phrases are found in the robbery statute. Thus, the voluntary intoxication defense is not available in robbery cases.[6]

The result we reach was anticipated in two recent Indiana Court of Appeals deci- sions. In *Carter v. State,* (1980) Ind.App., 408 N.E.2d 790, the court per Shields, J., stated:

We advise the reader of recent signifi- cant events. In *Williams v. State,* (1980) Ind., 402 N.E.2d 954, the Supreme Court held robbery as presently defined in IC 35–42–5–1 (Burns Code Ed., Repl. 1979) is a specific intent offense because of the inclusion of the word 'knowingly.' *See*

---

A person who knowingly or intentionally takes property from another person or from the presence of another person:
(1) By using or threatening the use of force on any person; or
(2) By putting any person in fear; commits robbery, a class C felony. However, the of- fense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person.

2. The State argues Smith waived any error due to his failure to specifically set out the error in his motion to correct errors. It is certainly arguable here that the allegation of error was too general. However, due to the importance of the question raised, we address the merits of the appeal.

3. Prior to its amendment, IC 35–41–3–5(b) read as follows:

(b) Voluntary intoxication is a defense only to the extent that it negates specific intent.

4. See note 1 *supra.*

5. See note 3 *supra.*

6. While the defense is no longer available in robbery cases, we note the presence of the required phrase in numerous other statutory offense definitions such as burglary (Ind.Code 35–43–2–1), certain deception crimes (Ind.Code 35–43–5–3(a)(2), (a)(6), (a)(7), (a)(8), (a)(9), and (a)(10)), bribery (Ind.Code 35–44–1–1) and certain offenses relating to controlled sub- stances (Ind.Code 35–48–4–1, –2, –3, –4, –5).

*also Williams v. State,* (1979) Ind., 393 N.E.2d 149; *Pardue v. State* (1980), Ind., 403 N.E.2d 1072. We respectfully suggest this interpretation of 'knowingly,' which we believe refers to the prohibited conduct, is general intent or *mens rea,* as opposed to specific intent. Therefore, *Williams,* 402 N.E.2d 954, considerably expands the availability of the intoxication defense. However, this expansion is but temporary due to the 1980 amendment, Acts 1980, P.L. 205:

> "(b) Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to.'"

*Id.* at 804, n. 33. Also, in *Johnson v. State,* (1981) Ind.App., 428 N.E.2d 248 (on petition for rehearing) the court indicated the 1980 amendment to IC 35–41–3–5 "may have altered the circumstances under which a voluntary intoxication instruction must be given." *Id.* at 250.

The trial court was correct in refusing to give the tendered instruction as it was contrary to law.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.