James D. **MORIARTY**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 184S17PS.

Supreme Court of Indiana.

April 7, 1986.

James D. Moriarty, pro se.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

James D. Moriarty is before this Court appealing from the denial of his petition for post-conviction relief. Initially charged with two counts of robbery, petitioner pleaded guilty and received concurrent twelve year sentences.

Petitioner presents the following two issues:

(1) Whether trial counsel's advice that voluntary intoxication did not constitute a defense renders his guilty plea one which was not made knowingly and intelligently, and

(2) Whether his guilty plea was made knowingly, voluntarily, and intelligently when the trial court failed to

490 N.E.2d—25

advise him of all of the statutory requirements.

## I. Voluntary Intoxication Defense

■ Moriarty argues that his guilty plea was not knowingly and intelligently made because counsel did not advise him that voluntary intoxication was a viable defense to the charges. He maintains that the evidence indicates that he was under the influence of PCP when he committed both of the robberies.

Petitioner pleaded guilty to two robberies: cause numbers 87 and 88. The record does not disclose when the robbery in cause 87 was committed; however, the robbery in cause 88 was committed on September 30, 1978. The defendant and the prosecutor submitted to the court a plea agreement under which he would receive a twelve year sentence for each of the robberies.

At the guilty plea hearing for the robbery in cause 87, which was held on December 22, 1978, the court inquired whether defendant was under the influence of narcotic drugs at the time of the offense; defendant responded affirmatively. The court then took the plea agreement under advisement. On January 4, 1979, a guilty plea and sentencing hearing was held for both robberies. Defendant also informed the court at this hearing that he had been under the influence of drugs when he committed both of the robberies and counsel reiterated this at defendant's request. At the post-conviction relief hearing defendant testified that he had told his counsel of his drug problem. Apparently, counsel responded that drug abuse did not constitute a defense in Indiana. However, Moriarty also testified that he was aware of his acts when he committed the robberies and knew that it was wrong but that he needed the money to purchase drugs.

■ Defense counsel had an affirmative obligation to inform his client of the existence of defenses. *Mosley v. State* (1979), 271 Ind. 164, 390 N.E.2d 659; *Conley v. State* (1972), 259 Ind. 29, 284 N.E.2d 803. When appellant committed the robberies, voluntary intoxication was a defense only

when it negated specific intent. Ind.Code § 35–41–3–6 (Burns 1976 Supp.). This Court had construed the offense of robbery to be a specific intent crime. *Fordyce v. State* (1981), Ind., 425 N.E.2d 108; *Pardue v. State* (1980), 273 Ind. 291, 403 N.E.2d 1072; *Williams v. State* (1980), 273 Ind. 105, 402 N.E.2d 954; *Snipes v. State* (1974), 261 Ind. 581, 307 N.E.2d 470; Ind. Code § 35–42–5–1 (Burns 1979). However, voluntary intoxication does not constitute a complete defense unless the defendant is shown to have been so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. *Patterson v. State* (1978), 267 Ind. 515, 371 N.E.2d 1309. As we have noted several times, the potential of this defense should not be confused with the reality of the situation. *Hubbard v. State* (1984), Ind., 469 N.E.2d 740; *Terry v. State* (1984), Ind., 465 N.E.2d 1085; *Anderson v. State* (1984), Ind., 469 N.E.2d 1166.

Moriarty essentially challenges the effectiveness of his attorney's assistance based upon the legal advice rendered prior to his decision to plead guilty. While he has presented evidence that counsel's advice may have been incorrect, appellant has not shown that counsel's performance was prejudicial to him. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Shackelford v. State* (1986), Ind., 486 N.E.2d 1014. The defense of voluntary intoxication may have been available to a person charged with the crime of robbery. However, appellant's own testimony indicated that he was aware of his actions when he committed the crimes. Therefore, as a practical matter, he would not have been able to show that his drug intoxication made him incapable of forming the specific intent necessary to commit the crime.

### II. Guilty Plea

██ Moriarty argues that the trial court accepted his guilty plea without first advising him that:

(1) he was waiving his right to a public and speedy trial;

(2) he was waiving his right to face his accusers;

(3) he was waiving his right to require the State to prove him guilty beyond a reasonable doubt, and

(4) by pleading guilty he was admitting the truth of the facts alleged in the information.

Compliance with the terms of the statute for a guilty plea entered before December 3, 1981, is evaluated by reviewing the entire record of the proceedings to determine whether a defendant was adequately advised of his rights and knowingly waived them. *Williams v. State* (1984), Ind., 468 N.E.2d 1036. Under this standard of review, the trial court need not personally inform the defendant of the advisements enumerated by statute; a plea agreement which recites the advisements is sufficient.

During the guilty plea hearing for the robbery in cause 87, held December 22, 1978, the court took judicial notice of a plea agreement and a questionnaire which generally recited the advisements which were required by Ind.Code § 35–4.1–1–3 (Burns 1979). In a colloquy with the defendant, the trial court inquired whether he had circled the true and false answers to the fifteen questions listed on this questionnaire. Moriarty responded affirmatively and stated that he understood every question. The court took the plea agreement and guilty plea under advisement. On January 4, 1979, a guilty plea and sentencing hearing was held for both robbery charges. At this second hearing defendant stated that the questionnaire would be answered the same for the robbery in cause 88.

██ Moriarty argues that the trial court did not advise him that his guilty plea would operate as a waiver of his right to a public and speedy trial, of his right to face his accusers, and of his right to require the State to prove him guilty beyond a reasonable doubt of the crimes charged. This argument is without merit.

The questionnaire recited that the accused had a right to a public trial and that if he should plead not guilty to the charges he could then exercise his right to a trial by jury. It also informed Moriarty that by pleading guilty to the crime charged in the information that he was waiving his right to a public and speedy trial by a jury. Petitioner was also informed by the court at both of the hearings that he had a right to a trial by jury and the right to compel witnesses to testify on his behalf. In addition, the questionnaire stated that a plea of guilty to the charges filed against him would waive his right to face the witnesses against him. Finally, one question on this form asked whether Moriarity understood that he did not have to prove his innocence because the State would have to prove him guilty beyond a reasonable doubt of the crimes charged. The questionnaire adequately conveyed to appellant that by pleading guilty he was waiving his rights to a public and speedy trial, to face his accusers, and to require the State to prove him guilty beyond a reasonable doubt.

■ Moriarty also claims that the trial court did not advise him that by pleading guilty he was admitting the truth of the facts alleged in the information. Quite to the contrary, question number two recited: "Do you understand that if you plead guilty, you are admitting the truth of all facts alleged in the information or to an offense included with such judgment and sentence?" Defendant indicated that he did understand. Moreover, at the first guilty plea hearing defendant stated that he understood when the court informed him that it did not want him to plead guilty to any offense for which he was not in fact guilty. Moriarty was adequately informed that his plea of guilty constituted an admission of the truth of the facts alleged in the information.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.