**Leonard VON HAGEL, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 49A02–9005–PC–266.**

Court of Appeals of Indiana,
Third District.

Dec. 3, 1990.

Susan K. Carpenter, Public Defender, Lorinda Meier Youngcourt, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellant Leonard Von Hagel appeals a denial of post-conviction relief. In December 1975, Von Hagel pled guilty to burglary. The guilty plea court ordered that Von Hagel serve a one-to-five-year suspended sentence.

■ Von Hagel argues that his guilty plea was not entered knowingly, intelligently and voluntarily because he was not advised that he would be waiving his right to confrontation and his right against self-incrimination. *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 requires that a guilty plea conviction be vacated unless the record reveals that appellant knew or was advised at the time of his plea that he was waiving his right to a jury trial, right to confrontation and right against self-incrimination. *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

■ On December 5, 1975, Von Hagel entered into a written plea agreement. Von Hagel signed the guilty plea agreement and placed his initials beside a list of rights waived. The list of waived rights included the *Boykin* advisements. On December 29, 1975, Von Hagel's guilty plea hearing was held. At the guilty plea hearing the court accepted the plea bargaining agreement. The written plea agreement was not introduced into evidence. The

court did not personally advise Von Hagel that he was waiving his right to confrontation and right against self-incrimination.

 A guilty plea entered before December 3, 1981, is evaluated by reviewing the entire record to determine whether a defendant was adequately advised of his rights and knowingly waived them. Under this standard of review, the trial court need not personally inform the defendant of the advisements enumerated by statute; a plea agreement reciting the advisements is sufficient. *Moriarty v. State* (1986), Ind., 490 N.E.2d 1106, 1108. The written plea agreement adequately advised Von Hagel that he was waiving his *Boykin* rights by pleading guilty.

 Von Hagel contends he was denied effective assistance of counsel at the guilty plea hearing. To prevail on a claim of ineffective assistance of counsel, where a petitioner for post-conviction relief pled guilty, the petitioner must establish both that counsel's performance was deficient and a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going to trial. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385–1386. In the written plea agreement and at the guilty plea hearing, Von Hagel stated he was satisfied with counsel.

Von Hagel maintains he was coerced into pleading guilty. Von Hagel claims that police told him that he could go to his uncle's funeral in Chicago if he pled guilty. In the written plea agreement and at the guilty plea hearing, Von Hagel stated that no promises or threats were made to induce his guilty plea.

Von Hagel argues that the post-conviction court erred in denying a motion for relief from judgment. On March 3, 1988, Von Hagel filed a *pro se* petition for post-conviction relief. Von Hagel's post-conviction relief petition included an affidavit of indigency. The post-conviction relief court ordered a copy of the petition sent to the State public defender. Ind. Post–Conviction Rule 1, § 2. On April 7, 1988, the State public defender filed a notice of non-representation. IND.CODE § 33–1–7–2(a) (1988 Ed.) authorizes the State public defender to represent persons confined in any Indiana penal facility due to a criminal conviction. At the time of the notice of non-representation, Von Hagel was incarcerated on pending charges not on a conviction.

On October 11, 1988, Von Hagel's post-conviction relief hearing was held. Von Hagel represented himself at the hearing. On February 8, 1989, the court denied Von Hagel's petition for post-conviction relief. On April 6, 1989, Von Hagel filed a praecipe in order to appeal the denial of post-conviction relief. On April 11, 1989, the State public defender entered an appearance on behalf of Von Hagel who at this time was incarcerated due to a criminal conviction. On July 5, 1989, Von Hagel filed a motion to dismiss his appeal. On July 10, 1989, the appeals court ordered Von Hagel's appeal terminated and remanded to the post-conviction court. On September 5, 1989, Von Hagel filed a motion for relief from judgment requesting that post-conviction proceedings be reopened so that the State public defender could represent him. On September 25, 1989, the post-conviction court denied the motion.

 Post–Conviction Rule 1, § 9 and IND.CODE § 33–1–7–2 (1988 Ed.) prohibit a judge from appointing counsel outside the office of the public defender to represent an indigent petitioner in a post-conviction proceeding. *Medlock v. State* (1989), Ind.App., 547 N.E.2d 884, 887. Neither the due process clause nor the guarantee of equal protection in the United States Constitution require a state to appoint counsel for indigent prisoners seeking state post-conviction relief. *Murray v. Giarratano* (1989), 492 U.S. 1, 109 S.Ct. 2765, 2769, 106 L.Ed.2d 1; *Pennsylvania v. Finley* (1987), 481 U.S. 551, 555–556, 107 S.Ct. 1990, 1993–1994, 95 L.Ed.2d 539.

 The right to counsel in post-conviction proceedings is not guaranteed by the Indiana Constitution. *Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1201; *Carter v. State* (1990), Ind.App., 560 N.E.2d 687.

■ At the October 11, 1988 post-conviction hearing, Von Hagel decided to proceed *pro se* even though he would have preferred representation. The post-conviction court had no power to appoint counsel other than the State public defender. At the post-conviction hearing, Von Hagel had no right to counsel under the constitution, statutes or post-conviction relief rules. Von Hagel requested relief from the denial of his post-conviction petition so the State public defender could represent him at reopened post-conviction proceedings, where Von Hagel's previously rejected attacks upon his guilty plea would be reargued. The post-conviction court did not abuse its discretion in denying the motion for relief from judgment.

Affirmed.

GARRARD and STATON, JJ., concur.