Mark Steven DOUGLAS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–9212–PC–439.

Court of Appeals of Indiana,
Fifth District.

Sept. 12, 1994.

Craig Jago Beauchamp, Chicago, IL, John G. Warne, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., office of Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

BARTEAU, Judge.

 Mark Douglas, now known as Shaka Adiyia Shakur, petitions for rehearing following our decision affirming the post-conviction relief court's denial of his petition for post-conviction relief. *Douglas v. State* (1994), Ind.App., 634 N.E.2d 811. One point in Douglas's petition for rehearing merits a response. Douglas states that we failed to address the argument raised in his reply brief that at the time of his trial, voluntary intoxication was a defense to the crime of robbery; thus, it was fundamental error for the trial court to instruct the jury that intoxication was not a defense. Douglas is correct that we overlooked this argument made in his reply brief. Consequently, in the majority opinion, we erroneously state that

> [a]t the time the jury was instructed in Douglas's trial, July 8, 1983, the instruction was a correct statement of the law. At that time, Ind.Code 35-41-3-5(b) provided that voluntary intoxication was a defense "only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to.'"

*Id.* at 817. Although the robbery statute does not use the phrase "with intent to" or "with an intention to," robbery is a specific intent crime for which voluntary intoxication was a defense at the time of Douglas's trial. *Williams v. State* (1980), 273 Ind. 105, 402 N.E.2d 954; *Pardue v. State* (1980), 273 Ind. 291, 403 N.E.2d 1072.

 However, while the trial court erroneously instructed the jury and Douglas's counsel failed to object, the error to Douglas was harmless, as found by the PCR court. As we stated in the majority opinion, the PCR court correctly found that the evidence did not support giving an instruction on voluntary intoxication. Therefore, we grant Douglas's petition for rehearing to correct our erroneous statement and deny it in all other respects.

BAKER, J. concurs.

RUCKER, J. dissents with opinion.

RUCKER, Judge, dissenting.

For reasons set forth in my dissenting opinion in *Douglas v. State* (1994), Ind.App., 634 N.E.2d 811, I would reverse the defendant's conviction and remand this cause for a new trial.