**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 02 2013, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHARLES HALL**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES HALL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 75A03-1107-PC-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1004-FD-71

**July 2, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Charles Hall ("Hall") appeals the post-conviction court's denial of his petition for post-conviction relief. On appeal, Hall raises four issues, which we consolidate and restate as whether the post-conviction court improperly denied Hall's claim that he received ineffective assistance of trial counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 25, 2010, the State filed a criminal information charging Hall with Count I, possession of precursors with intent to manufacture methamphetamine[1] as a Class D felony; and Count II, possession of marijuana[2] as a Class A misdemeanor. *Appellant's App*. at 7. Pursuant to Hall's request, the trial court appointed a public defender, Richard Ballard ("Ballard"). *Id*. at 47. On August 16, 2010, the State filed an amended criminal information and added Count III, Class B felony dealing in methamphetamine,[3] on the basis that Hall was manufacturing methamphetamine. *Id*. at 8. At the initial hearing on the amended criminal information, the parties informed the court that they had reached a plea agreement.[4]

During his September 30, 2010 plea hearing,

[Hall] was advised of his constitutional rights, including his right to appeal, and that by pleading guilty he would be waiving those rights. He informed the Court that he was satisfied with his attorney. He informed the Court

---

[1] *See* Ind. Code § 35-48-4-14.5.

[2] *See* Ind. Code § 35-48-4-11.

[3] *See* Ind. Code § 35-48-4-1.1.

[4] The record before us does not contain the plea agreement, the transcript of the plea hearing, or the transcript of the sentencing hearing.

2

that he was freely and voluntarily pleading guilty to the charge contained in the Plea Agreement in exchange for the specific sentence set out in the agreement.

*Id.* at 48. Prior to pleading guilty, Hall failed to raise any of the claims that he now raises. Hall then "freely and voluntarily pled guilty to Count III: Dealing in Methamphetamine, a [C]lass B felony, admitted that he did in fact commit the crime to which he had pled guilty, and provided the factual basis." *Id.* The trial court accepted the plea agreement, dismissed the remaining counts, and sentenced Hall to serve seven years in the Indiana Department of Correction ("DOC"). Hall did not challenge his sentence on direct appeal.

On March 4, 2011, acting *pro se*, Hall filed a petition for post-conviction relief, which he amended on June 7, 2011. In the amended *pro se* petition, Hall raised the following restated claims: (1) Hall's state and federal constitutional rights were violated by his trial counsel's conflict of interest because Ballard was concurrently representing Hall and Gidget Jackson ("Jackson"), who was a potential witness against Hall; (2) Hall's right to effective assistance of trial counsel was violated when Ballard failed to make a motion to suppress incriminating evidence that had been illegally obtained;[5] and (3) Hall's guilty plea was not entered knowingly because he was not informed that he could appeal his sentence after accepting his guilty plea. *Appellant's App.* at 29-30.

_____

[5] More specifically, Hall's claim of ineffective assistance of counsel arose from Hall's contention that the evidence should have been suppressed because: (1) Hall did not have constructive possession of the drug evidence because it was found in a vehicle owned by McCurdy; (2) McCurdy's car was pulled over by police because of McCurdy's erratic driving, therefore, there was no reason to detain Hall beyond what was necessary to complete the traffic stop; (3) Hall was unreasonably detained for one and one-half hours before the K-9 appeared; and (4) the K-9 search was illegally performed because there was no reason to detain Hall to await the K-9. *Appellant's App.* at 33-35. The post-conviction court correctly notes that the latter three constitute just one claim—that Hall was illegally detained. *Id.* at 50

During the evidentiary hearing in June 2011, Hall focused on two issues for post-conviction relief.[6] First, he claimed that his constitutional rights were violated by Ballard's conflict of interest, and second, that Ballard had provided ineffective assistance of counsel when he failed to file a motion to suppress. *Tr.* at 4-5. In response to Hall's first claim, Ballard testified that had informed Hall of his concurrent representation of Jackson in another criminal matter, and told Hall that "if he wanted to take [his] case to trial that [Ballard] would ask the court to rescind [his] appointment [to represent] Miss Jackson." *Id.* at 11. Furthermore, Ballard testified that he did not believe there was "an actual conflict of interest" because "the State probably had enough evidence to convict [Hall] with or without Miss Jackson's testimony." *Id.* at 10, 13. It was Ballard's opinion that if Hall went to trial, he would "likely be convicted" of Class B felony dealing in methamphetamine—a crime with a sentencing range of six to twenty years. *Id.* at 14. The State had originally offered that in exchange for a guilty plea, Hall would be sentenced to ten years, two of which would be suspended. *Id.* at 15. Ballard, however, negotiated a lesser sentence. Hall decided to take the revised plea agreement and pleaded guilty to the charge of dealing in methamphetamine and was sentenced to seven years in the DOC. *Id.*

Responding to Hall's second argument, Ballard testified that he did not file a motion to suppress because he "didn't see any grounds to suppress any evidence."[7] *Id.* at

---

[6] During the evidentiary hearing, Hall did not raise the claim that his guilty plea was not entered knowingly. *Tr.* at 4-5. Likewise, Hall does not raise that issue in the instant appeal.

[7] Because the record before us contains only the transcript of the post-conviction hearing, we refer to that document as *Tr.*

9. Ballard was not aware that the stop was unconstitutional, *i.e.* he did not know of any evidence indicating that Hall was held for a lengthy period at the scene of the traffic stop waiting for the arrival of the K-9, as Hall alleged in his amended petition. *Id.* Deputy Kelly Fisher ("Deputy Fisher") of the Starke County Sheriff's Department and other officers had searched Jackson's home earlier that evening, with Jackson's consent, for evidence that Hall was manufacturing methamphetamine. *Id.* at 10-11. Hall was not found at Jackson's home. Ballard testified that Deputy Fisher, while leaving Jackson's home, observed a vehicle drive by slowly. *Id.* at 11. As she followed the car, the deputy determined that the vehicle was traveling about 35 miles per hour ("mph") in a 55 mph. zone, was weaving, and crossed the center line twice. *Appellant's App.* at 10. Deputy Fisher stopped the vehicle, "approached the driver[,] and noted that it was Chris McCurdy and that the passenger was Charles Hall"—the latter having been the target in the earlier search. *Id.* Deputy Fisher noted that McCurdy was slow to react in getting out his identification, that his eyes were bloodshot, and that his speech was slurred. *Id.* Deputy Fisher contacted the officers with whom she had executed the search earlier in the evening. "'[A] short time later,' Detective Combs and another officer arrived at the car with a K-9, which alerted to drugs in the vehicle." *Appellee's Br.* at 5 (citing *Appellant's App.* at 42). Inside the vehicle, officers found two soda bottles containing active methamphetamine labs as well as other items commonly used in the manufacture of methamphetamine." *Id.* at 5-6 (citing to *Appellant's App.* at 42).

Following the evidentiary hearing, the post-conviction court issued findings of fact and conclusions thereon, and denied Hall's petition for post-conviction relief on the basis

that there was no evidence that Ballard was ineffective because of a conflict of interest or because he failed to file a motion to suppress. *Appellant's App*. at 52. Hall now appeals the denial of his petition for post-conviction relief.

## DISCUSSION AND DECISION

### I. Standard of Review

Hall appeals the denial of his petition for post-conviction relief. Our standard of review in post-conviction proceedings is well established:

> In post-conviction proceedings, the petitioner bears the burden of proof by a preponderance of the evidence. *Henley v. State,* 881 N.E.2d 639, 643 (Ind. 2008). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Fisher v. State,* 810 N.E.2d 674, 679 (Ind. 2004). "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Kubsch v. State,* 934 N.E.2d 1138, 1144 (Ind. 2010).

> In addition, we observe that the post-conviction court made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). "A postconviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind. 2000) (citation and quotation marks omitted). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. *Wilson v. State,* 799 N.E.2d 51, 53 (Ind. Ct. App. 2003). "The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses." *Woods v. State,* 701 N.E.2d 1208, 1210 (Ind. 1998).

*Benefield v. State*, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011).

### II. Ineffective Assistance of Counsel

On appeal, Hall contends that the trial court abused its discretion in denying his

6

petition for post-conviction relief because: (1) he was illegally detained when the police stopped McCurdy's car; (2) he was forced to undergo an illegal search and seizure; (3) he had ineffective assistance of trial counsel because Ballard failed to file a motion to suppress; and (4) Ballard had a conflict of interest in also representing Jackson. Arguments (1) and (2), and (3) comprise the same claim; that is, that Ballard's failure to suppress evidence obtained during an illegal stop was ineffective assistance of counsel. In Claim (4), Hall essentially maintains that Ballard's conflict of interest resulted in ineffective assistance of counsel because the State amended his charges to add a Class B felony dealing count only after Ballard had "started representing Miss Jackson." *Tr.* at 14. Like the post-conviction court, we assume without deciding that the conflict of interest claim is more than a free-standing claim of error; therefore, we include that claim within our ineffective assistance of counsel analysis. *See Timberlake*, 753 N.E.2d at 597-98 (free-standing claims of error are not available in post-conviction proceedings, however, "[s]ome of the same contentions, to varying degrees, may be properly presented in support of a claim of ineffective assistance of trial or appellate counsel.").

When evaluating a claim of ineffective assistance of counsel in the context of a guilty plea, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Harris v. State*, 762 N.E.2d 163, 169 n.2 (Ind. Ct. App. 2002) (citing *Danks v. State*, 733 N.E.2d 474, 486 (Ind. Ct. App. 2000), *trans. denied*), *trans. denied*. To prevail on a claim of ineffective assistance of counsel, "the petitioner must establish both that counsel's performance was deficient and a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going

to trial." *Oliver v. State*, 843 N.E.2d 581, 591 (Ind. Ct. App. 2006) (citing *Von Hagel v. State*, 568 N.E.2d 549, 550 (Ind. Ct. App. 1990), *trans. denied*), *trans. denied*. "Moreover, if a petitioner is convicted pursuant to a guilty plea, and later claims that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner must show that a defense was indeed overlooked or impaired and that the defense would have likely changed the outcome of the proceeding. *Id*. (citing *Richardson v. State*, 800 N.E.2d 639, 646 (Ind. Ct. App. 2003)).

### A. Conflict of Interest

Hall first contends that he received ineffective assistance of trial counsel because Ballard had a conflict of interest. After noting that a vehicle was being driven in an erratic manner, Deputy Fisher made a traffic stop and discovered that McCurdy was the driver and Hall was the passenger of the vehicle. *Appellant's App*. at 49. A subsequent search of the vehicle revealed two soda bottles containing active methamphetamine labs—evidence that led to the charges against Hall. While Jackson was listed as a potential witness for trial, there is nothing in the record to suggest that Jackson witnessed the traffic stop, the search of the vehicle, or the seizure of the evidence. Ballard testified at the hearing that he was representing Hall and Jackson in two distinct and separate criminal matters, which were based upon separate events. Ballard did not anticipate that either Hall or Jackson would be called upon to testify at the trial of the other. Like the post-conviction court, we find no evidence in the record before us that Ballard had a conflict of interest in his simultaneous representation of Hall and Jackson.

It is also important to note, however, that Ballard informed Hall of his

8

representation of Jackson, and even told Hall that he would drop his representation of Jackson if Hall chose to take his case to trial. It was Ballard's opinion that Hall would lose at trial. The State offered a plea agreement that, in exchange for Hall's guilty plea, he would be sentenced to ten years, two of which would be suspended. Ballard negotiated a lesser sentence so that Hall received a sentence of seven years for a crime that carried a range of sentencing of six to twenty years. The post-conviction court found no basis for ineffective assistance of counsel on this claim. Hall has failed to show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.[8]

### B. Failure to File Motion to Suppress

Hall also contends that he received ineffective assistance of trial counsel because Ballard failed to file a motion to suppress the incriminating evidence found in McCurdy's car. After observing a car weaving in the roadway, traveling about 35 mph in a 55 mph zone, and crossing the center line twice, Deputy Fisher made a valid stop of the vehicle that was owned and operated by McCurdy. *See Jackson v. State*, 785 N.E.2d 615, 619 (Ind. Ct. App. 2003) (police officers may stop vehicle upon observing minor traffic violations). McCurdy's impaired condition led Deputy Fisher to contact other officers. Detective Combs appeared a short time later with a K-9, which indicated the presence of drugs in the vehicle. On the floor of the vehicle where Hall had been sitting, officers found two soda bottles containing active methamphetamine labs. This was the evidence

---

[8] We think it is also worthy of note that Hall filed a disciplinary complaint with the State concerning Ballard's alleged conflict of interest with Jackson. After Ballard filed the required written response, the Indiana Supreme Court Disciplinary Commission dismissed Hall's complaint without further action. *Tr.* at 12.

on which Hall's Class B felony was based.

Hall contends that because he was illegally detained and forced to undergo an illegal search, Ballard was ineffective in failing to file a motion to suppress. We disagree. While Hall could have challenged the discovery of evidence found on his person, as the post-conviction court correctly found, Hall had no standing to file a motion to suppress evidence found during the search of McCurdy's car. *Appellant's App.* at 52. Our Supreme Court recently noted:

> To challenge a search "a defendant must establish ownership, control, possession, or interest" in the premises searched. The defendant must show a subjective and objective expectation of privacy in the premises. *Passengers in a car driven by the owner do not have standing to challenge a search of the car.* Correspondingly, a driver who is not the owner has no standing if the owner is also in the car. In sum, we agree that "[w]here the defendant offers sufficient evidence indicating that he has permission of the owner to use the vehicle, the defendant plainly has a reasonable expectation of privacy in the vehicle and standing to challenge the search of the vehicle.

*Campos v. State*, 885 N.E.2d 590, 598-99 (Ind. 2008) (emphasis added) (citations and parentheticals omitted). Lacking standing, all other arguments regarding the legality of the search would have failed. Accordingly, even if Ballard had filed a motion to suppress, the results of the proceeding would have likely been the same. The post-conviction court found no basis for ineffective assistance of counsel on this claim. Again, Hall has failed to show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

Affirmed.

VAIDIK, J., and PYLE, J., concur.

10